**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DEONSEY LONTE JOHNSON,**

    *Plaintiff,*

**v.**                                        **Case No.: 5:24cv209-MW/MJF**

**MANAGEMENT & TRAINING
CORPORATION, et al.,**

    *Defendants.*

_____/

**ORDER VACATING ORDER, CONSIDERING OBJECTIONS, AND
ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

This Court previously adopted the Magistrate Judge's report and recommendation without objection from either side and dismissed Plaintiff's deliberate indifference claims against Defendants Owens, Thomas, and Snell, for the alleged denial of medical care on February 5, 2022, and February 12, 2022. ECF No. 55. On April 10, 2026, however, this Court received Plaintiff's objections, which were delayed in the mail. ECF No. 57. In an abundance of caution, this Court directs the Clerk is directed to **VACATE** this Court's order, ECF No. 55, so that this Court can consider Plaintiff's objections.

Plaintiff contends that the Magistrate Judge erred in failing to consider his verified allegation of the pain he experienced from the wounds he suffered following the attack on February 5, 2022. However, as the Magistrate Judge noted in his report

and recommendation, "[a] wound assessed as a 'scratch,' *even if uncomfortable*, certainly falls short of a serious medical need." ECF No. 51 at 6 (quoting *Williams v. Corr.* Health, 2019 WL 2335941, at *1 (S.D. Ga. Feb. 22, 20219), *report and recommendation adopted sub nom. Williams v. Correct Health*, 2019 WL 2339266 (S.D. Ga. May 31, 2019)). Importantly, Plaintiff must allege facts demonstrating "an objectively serious medical need," for which the alleged response by Defendants "was poor enough to constitute an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal citations and quotation marks omitted).

Here, Plaintiff's complaint includes the medical notes from his evaluation two days after the attack on February 5, 2022, in which medical staff assessed his wounds to be "scratches" that had already "scabbed over." ECF No. 35 at 60. Accordingly, while these scratches may have been painful, they do not amount to an objectively serious medical need, and this Court agrees with the Magistrate Judge's conclusion that Plaintiff's allegations and attachments to his second amended complaint do not give rise to a claim for medical deliberate indifference against Defendants Ownes, Thomas, and Snell based on the February 5th incident.

Having considered Plaintiff's objection, ECF No. 55, *de novo*, this Court again **accepts and adopts** the Magistrate Judge's report and recommendation, ECF

No. 51. Plaintiff's deliberate indifference to a serious medical need claim against Defendants Owens, Thomas, and Snell for any denial or delay of medical care on February 5, 2022, is **DISMISSED**. Plaintiff's deliberate indifference to a serious medical need claim against Defendants Owens, Thomas, and Snell for any denial or delay of medical care on February 12, 2022, is **DISMISSED**. The Clerk is directed to remand this case to the Magistrate Judge for further proceedings.

**SO ORDERED on April 13, 2026.**

**s/Mark E. Walker**
**United States District Judge**